UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARKEL INTERNATIONAL INSURANCE | § | |
| COMPANY LIMITED, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-07-1001 |
| | § | |
| A-MART, *ET. AL.* | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

This declaratory judgment action is before the court on plaintiff's motion for summary

judgment (Dkt. 18).  Defendant Kathy Blueford has not responded.  The court has reviewed

plaintiff's submissions, all matters of record, and the law and concludes that plaintiff's

motion should be granted.

## I.      Background

Plaintiff Markel International Insurance Company Limited (Markel) issued

Comprehensive Commercial General Liability Policy Number 9679PKG to an insured,  A-

Mart, identified in the policy as a corporation.  The Policy was effective April 6, 2006 to

April 6, 2007.  "A-Mart" is apparently fictitious name under which other named defendants[1]

operated a convenience store in Houston, Texas.  On July 30, 2006, Patrick Charles Murphy,

an invitee in the store, was shot in the head by another invitee and died at the scene.

---

[1]      Mirza Abdul Raheem Baig, Abdul R. Motawala d/b/a Cornerfood Mart, Abdul R. Motawala
a/k/a Abdul M. Rehman, Mimar, Inc., Mirza Imran Baig, Shahina Baig, and Bilal Ahmad
Ghauri ("A-Mart defendants").

Defendants Kathy Blueford and the estate of Murphy sued the owners/operators of the store in state court for negligence, premises liability, and wrongful death (the Blueford lawsuit). The A-Mart defendants requested a defense and insurance coverage for the claims asserted in the Blueford lawsuit.

Markel contends that the Policy excludes coverage for or a duty to defend the claims in the Blueford lawsuit. Markel filed this federal declaratory judgment action on March 26, 2007 seeking a declaration to that effect. Only Kathy Blueford filed an answer to Markel's complaint for declaratory judgment. Final judgment was entered against all other defendants on July 17, 2007. Markel now seeks summary judgment against Blueford. Blueford has not responded to Markel's motion.

II.    **Analysis**

A.    **Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

2

If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)); *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255; *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).

**B.     Interpretation of Insurance Policy**

Under Texas law, insurance policies are contracts controlled by general rules of contract construction. *See Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir.  2000); *National Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)*.* A court's primary concern is to give effect to the intention of the parties as expressed by the policy language. *Mid-Continent*, 206 F.3d at 491; *National Union Fire Ins.*, 907 S.W.2d at 520. A policy is ambiguous if it is susceptible to more than one reasonable meaning. *Id.* The court may not vary the terms of an unambiguous policy. *American Nat. General Ins. Co. v. Ryan*, 274 F.3d 319, 329 (5th Cir. 2001). The question of whether a policy is ambiguous is one of law for the court. *Mid-Continent*, 206 F.3d at 491.

"An insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy.  This is the 'eight corners' or 'complaint allegation rule.'  If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured.  But we resolve all doubts regarding the duty to defend in favor of the duty."  *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (quoting *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)).

The duty to provide indemnity is separate and distinct from the duty to defend. *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997).  "The duty to indemnify is based, not upon the pleadings, but upon the actual facts which underlie and result in the liability."  *Northfield Ins.*, 363 F.3d at 528-29.  The duty to defend is broader than the duty to indemnify.  *Griffin*, 955 S.W.2d at 82; *State Farm Lloyds v. Borum*, 53 S.W.3d 877, 889 (Tex. App. – Dallas 2001, no pet.).

## C.    The Policy At Issue

Markel contends there is no coverage or duty to defend in this case because the Policy excludes coverage for assault and/or battery, and also contains an exclusion of coverage for any injury arising out of the use of a firearm.

The Policy at issue states:

The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured or Insured's employees, patrons, or any other person.  Nor does this insurance apply with respect to any

changes or allegations of negligent hiring, training, placement or supervision.

Policy, Plaintiff's Ex. B, at 26 (MKL 01 Endorsement g).

> This insurance does not apply to "bodily injury", "property damage", "advertising injury", or medical payments arising out of the ownership, rental, maintenance, use or misuse of any firearms.

*Id.* at 31 (MKL 01 Endorsement z).

The Policy is unambiguous.  The causes of action in the Blueford lawsuit, despite being framed as negligence claims, arise out of the assault and battery of Murphy with a firearm, and are excluded from coverage under the Policy.  *See Tarrant Cty. Ice Sports, Inc. v. Equitable Gen. Life Ins. Co. of Oklahoma*, 662 S.W.2d 129, 131 (Tex. App. – Ft. Worth 1983, writ ref'd n.r.e.); *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536, 537-38 (Tex. App. – Dallas 1989, writ denied); *Burlington Ins. Co. v. Mexican American Unity Council, Inc.*. 905 S.W.2d 359, 361-62 (Tex. App. – San Antonio 1995, no writ); *Acceptance Ins. Co. v. Walkingstick*, 887 F. Supp. 958, 962 (S.D. Tex. 1995).

## III.   Conclusion and Order

Markel is entitled to declaratory judgment that the Policy does not provide coverage for the injuries alleged in the Blueford lawsuit and Markel has no duty to defend the A-Mart defendants in the Blueford lawsuit.  The court will issue a separate Final Declaratory Judgment.

Signed at Houston, Texas on October 30, 2007.

Stephen Wm Smith
United States Magistrate Judge